**LOCAL 715, UNITED RUBBER, CORK, LINOLEUM AND PLASTIC WORKERS OF AMERICA and International Union of United Rubber, Cork, Linoleum and Plastic Workers of America, AFL–CIO, Plaintiffs,**

v.

**MICHELIN AMERICA SMALL TIRE f/k/a Uniroyal Goodrich Tire Company, a wholly owned subsidiary of Groupe des Establishments Michelin, Defendant.**

No. 1:93CV324.

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Dec. 20, 1993.

Larry J. Burke, Fort Wayne, IN, Craig D. Doyle, Gene R. Leeuw, and Joseph W. Murphy, Klineman Rose Wolf and Wallack, Indianapolis, IN, for plaintiffs.

J. Michael O'Hara, Thomas M. Kimbrough, Barrett and McNagny, Fort Wayne, IN, Steve Nail, Legal Dept. Michelin Tire, Greenville, SC, and Harley M. Kastner, and

David P. Hiller, Millisor and Nobil, Cleveland, OH, for defendant.

Joseph W. Shull, Special Master, Fort Wayne, IN.

Herbert C. Snyder, Jr., Special Master, Barnes and Thornburg, Fort Wayne, IN.

## ORDER

WILLIAM C. LEE, District Judge.

This court held a hearing on plaintiff's Motion for Preliminary Injunction on December 14 and 15, 1993. At the close of the hearing the court stated that the motion for preliminary injunction was taken under advisement until December 22 and the court directed the parties to negotiate the issues in the underlying dispute. The parties did in fact engage in extensive settlement negotiations in an attempt to settle the labor disputes underlying the action for injunctive relief.

The current state of those negotiations, as represented by the parties to the court, is that the union has given "the company virtually everything it demanded"; and the company has offered a settlement proposal which, if accepted, would result in a three year contract covering the employees of the Woodburn plant of Uniroyal/Goodrich. The union has taken the position that it will not submit the company's currently pending offer so that the union membership may vote on whether or not to accept the company's current offer. Since a settlement of the underlying labor disputes may only be accomplished by a vote of the union membership, the union membership is the only body with full authority to settle this case.

The court enters the present order based upon the court's authority to direct pretrial conferences pursuant to the amended Federal Rules of Civil Procedure, the Civil Justice Reform Act and the Seventh Circuit case of *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir.1989). The court hereby orders a vote of the union members to obtain the participation of the union membership in the ongoing pretrial settlement conference ordered by the court on December 15.

## Discussion

Federal Rule of Civil Procedure 1, as amended this year, directs the federal rules to "be construed and administered to secure the just, speedy, and inexpensive determination of every action." The Federal Rule specific to the issue at hand is Rule 16 which discusses the use of pretrial conferences by a federal district court to narrow the issues for trial and to "discuss means for dispensing with the need for costly and unnecessary litigation." *Heileman,* at 650. Rule 16 section (c) lists the subjects which may be discussed by the parties during a pretrial conference. Subsection (9) refers to "settlement and the use of special procedures to assist in resolving the dispute when authorized by statute or local rule". F.R.C.P. 16(c)(9). Subsection (16) refers to "such other matters as may facilitate the just, speedy, and inexpensive disposition of the action." F.R.C.P. 16(c)(16). Finally, the sentence added to Rule 16(c) states that "the court may require that a party or its representative be present or reasonably available by telephone in order to consider possible settlement of the dispute."

The comments to Rule 16(c)(9) state:

Paragraph (9) is revised to describe more accurately the various procedures that, in addition to traditional settlement conferences, may be helpful in settling litigation. Even if a case cannot immediately be settled, the judge and attorneys can explore possible use of alternative procedures such as mini-trials, summary jury trials, mediation, neutral evaluation, and nonbinding arbitration that can lead to consensual resolution of the dispute without a full trial on the merits. The rule acknowledges the presence of statutes and local rules or plans that may authorize use of some of these procedures even when not agreed to by the parties. See 28 U.S.C. §§ 473(a)(6), 473(b)(4), 651–58; Section 104(b)(2), Pub.L. 101–650. The rule does not intend to resolve questions as to the extent a court would be authorized to require such proceedings as an exercise of its inherent powers.

The amendment of paragraph (9) should be read in conjunction with the sentence

added to the end of subdivision (c), authorizing the court to direct that, in appropriate cases, a responsible representative of the parties be present or available by telephone during a conference in order to discuss possible settlement of the case. The sentence refers to participation by a party or its representative. Whether this would be the individual party, a representative from an insurance carrier or someone else would depend on the circumstances. Particularly in litigation in which governmental agencies or large amounts of money are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility.

   \*     \*     \*     \*     \*     \*

The explicit authorization in the rule to require personal participation in the manner stated is not intended to limit the reasonable exercise of the court's inherent powers, *e.g.*, *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989), or its power to require party participation under the Civil Justice Reform Act of 1990. See 28 U.S.C. § 473(b)(5) (civil justice expense and delay reduction plans adopted by district courts may include requirement that representatives "with authority to bind [parties] in settlement discussions" be available during settlement conferences).

With respect to party participation under the Civil Justice Reform Act, § 473(b) authorizes each United States district court to "include the following litigation management and cost and delay reduction techniques:

(5) a requirement that, upon notice by the court, representatives of the parties with authority to bind them in settlement discussions be present or available by telephone during any settlement conference; ..."

The Seventh Circuit discussed a district court's authority to order the parties to attend pretrial settlement conferences. *Heileman* at 650. The Court explicitly stated that this authority "merely represents another application of a district judge's inherent authority to preserve the efficiency, and more importantly the integrity, of the judicial process." *Id.* at 652. Further the Seventh Circuit stated that the inherent power of a district judge is derived from the "very nature and existence of his judicial office." *Id.* at 653. Pursuant to the authority affirmed by the Seventh Circuit and the United States legislative branch, the court issues the present order.

On December 15 this court ordered the parties to confer and negotiate in pursuit of a consensual settlement agreement to dispose of the underlying work rules dispute which led to the filing of this action and plaintiff's Motion for Preliminary Injunction. The court's order to discuss settlement requires that an individual with binding authority be present. This individual must have the authority to commit the entity to a particular agreement. *Heileman* at 653. If such a person or persons are not able to be physically present, they clearly must have the opportunity to pass on settlement offers which are received. This is the only way that settlement negotiations can be meaningful. The court finds that, without some expression from the membership of Local 715, settlement discussions cannot lead to a final settlement of this case.

Based on this finding, and pursuant to the authority of this court to order the parties to send a person with authority to participate in settlement discussions, the court hereby orders that a vote be taken of the union membership on December 21 to determine whether the union members wish to vote on acceptance of the company's proposals. The vote will be administered by two Special Masters to be appointed by this court pursuant to Rule 53 of the Federal Rules of Civil Procedure. A copy of the ballot to be used, which was written by the court, will be filed. The results of the vote may be useful as guidance to the parties and to the court.